**Kurt A. SIEMON, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–1923.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2003.

Before KEITH, COLE, and COOK, Circuit Judges.

*ORDER*

Kurt A. Siemon appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Siemon filed an application for social security disability insurance benefits alleging that he suffered from hepatitis, dysthemia, history of alcohol dependency, anxiety, and personality disorder. Following a hearing, an administrative law judge (ALJ) determined that Siemon was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Siemon then filed a complaint seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of*

*Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Siemon mentions in his brief that he meets or equals a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, Siemon does not inform the court which of his impairments meets a listed condition. As Siemon does not identify a listed impairment which he satisfies, nor does the record indicate that Siemon's conditions meet a listed impairment, the argument is without merit.

Siemon argues that his long standing mental impairments and chronic hepatitis B were disabling. The medical evidence indicates that Siemon's hepatitis B did not significantly limit his ability to work. The ALJ found that the condition did not prevent Siemon from lifting more than ten pounds, engaging in prolonged standing or walking, carrying out complex tasks, and working in a stressful environment. Dr. Siano, Siemon's treating physician, noted that Siemon was not in acute distress. Further, not one physician, including Dr. Siano, concluded that Siemon was unable to work.

With regards to Siemon's mental impairments, the evidence indicates that Siemon had a slight restriction in daily living activities and moderate difficulty in maintaining social functions. He seldom had a deficiency in concentration and never had an episode regarding the deterioration and decomposition of work in a work-like setting. After reviewing the record, the ALJ concluded that Siemon could perform relatively simple unskilled low stress work that did not entail more than minimal contact with the general public.

Siemon claims that the social security administration intentionally found some reference to his drinking problems during a very specific period of his life, labeled it a history of alcohol abuse, and then denied him benefits because of that condition alone. The record does indicate that Siemon was abusing alcohol between May 1996 and October 1997. In November 1997, Siemon told Dr. Siano and Dr. Geiger that he had stopped drinking in early October 1997. Dr. Geiger diagnosed Siemon with alcohol dependency in early remission. Therefore, the ALJ's opinion that Siemon did have a history of alcohol abuse is supported by the record. Further, the social security administration must deny a claim for benefits if drug addiction or alcohol is a contributing factor material for a finding of disability. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. The ALJ did not deny Siemon benefits because of his history of alcohol abuse. Rather, the ALJ found that Siemon was not disabled after reviewing all of his impairments, including his hepatitis and mental disorders.

The ALJ obtained the testimony of a vocational expert who testified that based on Siemon's conditions, Siemon could perform approximately 27,000 unskilled jobs in Michigan. These positions included collection/auditing clerk, office/customer service clerk, and billing/posting/calculating clerk. As the vocational expert's testimony establishes a significant number of jobs in the economy which Siemon could perform, the decision of the Commissioner that Siemon was not disabled is supported by substantial evidence.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.